UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      Plaintiff,

       v.

THE PREMISES AND REAL PROPERTY
WITH BUILDINGS, APPURTENANCES,
AND IMPROVEMENTS AT 9276 RIDGE
ROAD, MIDDLEPORT, NEW YORK,

                      Defendant.

**DECISION AND ORDER**
16-CV-318-A

      This *in rem* action pursuant to 21 U.S.C. § 881(a)(6) and (7) is brought to forfeit defendant real property at 9276 Ridge Road, Middleport, New York, as property that allegedly was involved in marijuana trafficking. The action is before the Court on a motion by the United States pursuant to Fed. R. Civ. P. Supp. R. G(8)(c) to strike a *pro se* claim to the defendant property. The United States argues that the claimant, Andrew Fitch, lacks standing to assert a claim because, having sold the defendant property to another person, he is no longer an "owner" of the property within the definition of the term at 18 U.S.C. § 983(d)(6).

      For the reasons that follow, the Court finds that claimant Fitch has failed to carry his burden to show that he has any interest in the defendant real property that is an ownership interest. Accordingly, the Court finds that Fitch lacks statutory standing to assert a claim to the defendant property, and the motion of the United States to strike Fitch's claim is granted.

## FACTS

On May 11, 2016, *pro se* claimant Andrew Fitch sold the defendant real property at 9276 Ridge Road to his father, Douglas Fitch. Dkt. No. 5-11, pp. 1-2; Dkt. No. 49, p. 5, ¶¶ 9-10. On that date, a deed to the property in Fitch's father's name, executed by Fitch, was recorded by the Niagara County Clerk. *Id.* Since that time, Fitch has consistently maintained that his father owns the defendant property, and that he does not.

In a letter to the Court dated June 1, 2016, Fitch explained that his parents had a prior interest in the defendant property because of money they spent "for the bulk of" improvements that had been made to the property, and concluded "I am no longer the owner nor title holder." Dkt. No. 10, p.1. Fitch stated that he was moving out of the property. *Id.*

In a Verified Claim to the defendant real property docketed on July 27, 2016, Fitch stated: "[m]y parents are now the official title holders and owners of the property." Dkt. No. 15, p. 18. He claimed no retained ownership interest in the property in the Verified Claim, and he alleged no other interest of his in the property. *Id.*

During deposition testimony in January of 2018, Fitch denied owning the defendant property during his testimony under oath. Dkt. No. 55-15, pp. 6-7. He testified that his parents own the property, but that he was still living there. *Id.*

Finally, in the February, 2018 response to the motion of the United States to strike his claim to the defendant property, Fitch acknowledged that the claim to the

property was his father's to assert, but stated, "I am also his only child amongst him and my mother and have specific legal interest in the property."  Dkt. No. 49, p. 6, ¶ 11.  Fitch has not further explained the terms of sale of the property or the nature of his claimed specific legal interest in the property.  *Id.* at p. 5, ¶¶ 9-10.  However, he has stated that he incurs no expenses associated with that interest or with residing in the property.  Dkt. No. 55-15, pp. 6-7; 55-17, p. 4.

**DISCUSSION**

In an *in rem* civil forfeiture action, a claimant to the defendant property must have both constitutional standing and statutory standing.  *United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999).  Because standing is usually a jurisdictional prerequisite, the United States may move to strike a claim for lack of standing at any time.  Fed. R. Civ. P. Supp. R. G(8)(c)(i)(B) and (c)(ii).  In response to such a motion, the claimant bears the burden of establishing standing by a preponderance of the evidence.  Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B); *see e.g.*, *United States v. 509 Raspberry Patch Dr.*, 116 F. Supp. 3d 190, 192-93 (W.D.N.Y. 2015).

Statutory standing to contest a forfeiture requires a claimant to be an "owner" of the defendant property, among other requirements.  18 U.S.C. § 983(d)(6)[1].  An

---

[1] The definition of "owner" at 18 U.S.C. § 983(d)(6) is applicable here pursuant to 21 U.S.C. § 881(d).  Failure to comply with some of the claims-processing rules in § 983 that can give rise to a Rule 8(c)(i) motion to strike for lack of "standing" does not negate the Court's subject matter jurisdiction, *United States v. Vazquez–Alvarez*, 760 F.3d 193, 197-98 (2d Cir. 2014), but failure to be an "owner" as that term is defined in § 983(d)(6) does.  *But see United States v. One 2004 Land Rover Range Rover*, 369 F. App'x 208, 209 n.1 (2d Cir. 2010) (per curiam) (summary order).

3

"owner" under § 983(d)(6) is a person who has:

> (A) . . . an ownership interest in the specific property sought to be forfeited, including a leasehold, lien mortgage, recorded security interest, or valid assignment of an ownership interest; and
>
> (B) does not include–
>
> (i) a person with only a general unsecured interest in, or claim against, the property or estate of another; . . .

*Id.* (ellipses added). To have standing, a claimant must have a personal stake in the defendant property that is tantamount to an ownership interest as the terms are defined and used in § 983(d)(6). Whether a claimant holds such an interest is determined by state law. *See e.g., United States v. One 2004 Land Rover Range Rover*, No. 07-CV- 818 (WMS), 2009 WL 909669, at *3 (W.D.N.Y. Mar. 31, 2009) *aff'd* 369 F. App'x 208 (2d Cir. 2010) (per curiam) (summary order).

It is undisputed that on May 11, 2016, Fitch transferred fee title to the defendant real property to his father by delivery of a deed. Dkt. No. 45-1; *see* N.Y. Real Prop. Law § 291. There is no evidence that delivery of the deed was conditional. *Id.* And the plain language of the deed shows that Fitch retained no other interest in the property. Dkt. No. 45-1, pp. 2-3.

Fitch stated that he incurs no expenses living at the defendant property. Dkt. No. 55-15, pp. 6-7; 55-17, p. 4. Since he pays no rent or other consideration for living there, he has no leasehold interest. *See Marrano v. State of New York*, 80 Misc.2d 768, 770 (Ct. Claims 1975) ("An obligation to pay rent will not be implied from mere occupancy.") Even if Fitch were to claim some sort of equitable

4

leasehold because he has contributed to upkeep of the property while living there, that unsecured interest would not confer statutory standing, which requires "ownership."  *See e.g., United States v. One Parcel of Real Prop. Located at 19127 SW 65th St., Pembroke Pines, Broward Cty., Fla.*, No. 12– 61226–CIV, 2013 WL 1023506, at *2–4 (S.D.Fla. Mar. 14, 2013) (possession with contribution to purchase price and upkeep was insufficient to support standing for a claim to real property not titled in the purported claimants' names).

Fitch *does* claim a "specific legal interest" in the defendant real property as the only child of his father and mother.  Dkt. No. 49, p. 6, ¶ 11.  Fitch does not explain this specific interest.  He proffers no evidence of a will making him his father's heir to the defendant real property.  If Fitch's father were to die intestate, Fitch would only share a portion of his father's net estate, assuming his mother survived.  *See* N.Y. EPTL. § 4–1.1(a)(1) and (3).  In any event, Fitch would have a vested interest in the net estate as an heir under New York law only upon his father's death.  *See United States v. Comparato*, 850 F.Supp. 153, 157 (E.D.N.Y. 1993) (citing cases).  Even as a direct descendant and prospective heir, Fitch has no vested legal interest in his father's estate, let alone a specific legal interest in the real property, before his father dies.  *See e.g., United States v. Antonelli (In re 837 Mass. Ave. N.)*, No. 95-CR-200, 1998 WL 775055 (N.D.N.Y. Nov. 2, 1998) (applying New Jersey law).

The Court has given Fitch's *pro se* pleadings the strongest reading that they suggest.  *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir.

5

2006). The Court finds that Fitch is residing at the defendant real property, and that he has a colorable possessory interest in the property as a guest of his father's. However, Fitch has failed to carry his burden under Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(B) to establish that he has more than "a general unsecured interest in, or claim against, the property or estate" of his father, the titled owner of the property, and the Court therefore finds Fitch is not an "owner" of the property under 18 U.S.C. § 983(d)(6). Consequently, Fitch lacks statutory standing and the United States' motion pursuant to Fed. R. Civ. P. Supp. R. 8(c)(i)(B) to strike Fitch's claim to the defendant real property is granted.

Fitch's possession of the defendant real property, without personal risk of a concrete injury that can be redressed in this proceeding, may also be insufficient to give rise to constitutional, Article III, standing. *See United States v. Cambio Exacto S.A.*, 166 F.3d 522, 526-28 (2d Cir. 1999). But because the Court finds that Fitch does not have statutory standing, and strikes his claim to the defendant property on that basis, the Court need not resolve whether his occupancy gives rise to constitutional standing. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

## CONCLUSION

For the foregoing reasons, the motion of the United States to strike the *pro se* claim of Andrew Fitch to the defendant real property at 9276 Ridge Road, Middleport, New York, for lack of standing is granted. Dkt. No. 45. Because claimant Fitch lacks statutory standing under 18 U.S.C. § 983(d)(6), the Court lacks

jurisdiction over his claim. The Clerk shall therefore vacate the Report and Recommendation at Docket No. 23. *See* Fed. R. Civ. P. Supp. R. G(8)(c)(ii)(A). The Clerk shall also terminate the motions at Dkt. Nos. 18, 20, 54, and 55 as moot.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: September 28, 2018